John W. Carpenter, Esq. (Bar No. 221708)
Technology Licensing Company Inc.
33 ½ Los Pinos
Nicasio, CA 94946
Telephone: (415) 577-0698
Facsimile: 1-866-410-6248
Email: john@jwcarpenterlaw.com

*Attorney for Plaintiff*
*Technology Licensing Company Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| **Technology Licensing Company, Inc.,**<br><br>Plaintiff<br><br>v.<br><br>**Wal-Mart Stores, Inc.**<br><br>Defendant | Case No.: CV 10 1426 HRL<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND INDUCING PATENT INFRINGEMENT,**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

## COMPLAINT FOR PATENT INFRINGEMENT AND INDUCING PATENT INFRINGEMENT

Plaintiff, Technology Licensing Company Inc., complains of and for causes of action against Defendant, Wal-Mart Stores, Inc., alleges as follows:

### Nature of the Case

1. This is an action arising under the Patent Laws and Statutes of the United States in which Plaintiff seeks to recover for patent infringement, and for inducing patent infringement, and for any and all damages and costs flowing there from.

### Jurisdiction and Venue

2. The Court has exclusive jurisdiction of the patent infringement claim and the inducement of patent infringement claim, all asserted in this case pursuant to the Patent Laws and Statutes of the United States (e.g., 35 U.S.C. §§ 271, *et seq.* and § 281) including 28 U.S.C. §§ 1331, 1338, 2201-2202. Venue is proper in this district under 28 U.S.C § 1391.

### The Parties

3. Plaintiff, Technology Licensing Company Inc. ("Plaintiff"), is a California Corporation with a principal place of business in Nicasio, California.

4. Defendant, Wal-Mart Stores, Inc., ("Defendant"), is a Delaware Corporation having a principal place of business in Bentonville, AR.

### Plaintiff's Patent

5. Plaintiff is the owner of United States No.5,734,862 ("the Patent") which was duly issued on March 31, 1998. The Patent concerns *inter alia* embodiments for a system and method

for making and/or viewing DVDs. Plaintiff has licensed the Patent to more than 30 (thirty) manufacturers and/or sellers of DVD Players.

## COUNT I
### (Patent Infringement)

6. This COUNT is instituted against Defendant for infringement (i.e., direct infringement) of the Patent.

7. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-5.

8. On information and belief, Defendant is infringing, or has infringed, the Patent in this Judicial District and elsewhere in the United States by manufacturing and/or selling and/or offering for sale and/or importing and/or using embodiments of the invention of the Patent.

9. On information and belief, at least one embodiment of the invention of the Patent which Defendant is infringing, and/or has infringed, operates, at least in part, in accordance with and/or complies, at least in part, with technical standards generally adhered to by the DVD Player Industry. One DVD Player which Defendant sells and which infringes the Patent is the Durabrand DVD player, model PDV709.

10. On information and belief, at least one embodiment of the invention of the Patent which Defendant is infringing, or has infringed, operates at least in part in accordance with and/or complies at least in part with "DVD Specifications for read-Only Disc, Part 3 VIDEO SPECIFICATIONS," Version 1.13, March 2002, published by DVD Format/Logo Licensing Corporation.

11. Plaintiff has suffered damages by reason of Defendant's infringement of the Patent, and will suffer additional damages unless Defendant is enjoined by the Court from continuing to infringe the Patent.

12. On information and belief, Defendant's infringement of the Patent has been willful and deliberate, thus warranting an increase of the damages recoverable by Plaintiff under the provisions of 35 U.S.C. § 284, up to three times the amount of actual damages sustained by Plaintiff, and also making this an exceptional case within the meaning of 35 U.S.C. § 285.

## COUNT II
### (Actively Inducing Patent Infringement)

13. This COUNT is instituted against Defendant for actively inducing patent infringement.

14. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-5.

15. On information and belief, Defendant is manufacturing and/or selling and/or using and/or offering for sale and/or importing to persons in this Judicial District and elsewhere in the United States embodiments of the invention of the Patent.

16. On information and belief, when Defendant makes and sells and/or offers to sell to persons, embodiments of the invention of the Patent in this Judicial District and elsewhere in the United States, the sales are accompanied with documents, written instructions, and/or other instructions, from Defendant on how to operate embodiments of the invention of the Patent.

17. On information and belief, when Defendant accompanies its sales and/or offers to sell to persons with documents, written instructions, and/or other instructions, on how to operate

embodiments of the invention of the Patent, Defendant was and is aware that such documents, written instructions, and/or other instructions, are inducing the persons to infringe the claims of the Patent. On further information and belief, Defendant thereby has actively induced and/or is actively inducing the persons in this Judicial District and elsewhere in the United States to infringe the claims of the Patent.

18. On information and belief, at least one embodiment of the invention of the Patent which Defendant is actively inducing infringement, and/or has actively induced infringement, operates, at least in part, in accordance with and/or complies, at least in part, with technical standards generally adhered to by the DVD Player Industry. One DVD Player which Defendant is actively inducing infringement, and/or has actively induced infringement is the Durabrand DVD Player, model PDV709.

19. On information and belief, at least one embodiment of the invention of the Patent which Defendant is actively inducing infringement, and/or has actively induced infringement, operates, at least in part, in accordance with and/or complies at least in part with "DVD Specifications for read-Only Disc, Part 3 VIDEO SPECIFICATIONS," Version 1.13, March 2002, published by DVD Format/Logo Licensing Corporation.

20. Plaintiff has suffered damages by reason of Defendant's active inducement of infringement of the Patent, and will suffer additional damages unless Defendant is enjoined by the Court from continuing to actively induce the infringement of the Patent.

21. On information and belief, Defendant's active inducement of the infringement of the Patent has been willful and deliberate, thus warranting an increase of the damages recoverable by

Plaintiff under the provisions of 35 U.S.C. § 284, up to three times the amount of actual damages sustained by Plaintiff, and also making this an exceptional case within the meaning of 35 U.S.C. § 285.

### RELIEF

WHEREFOR PLAINTIFF PRAYS:

(a) For decree and judgment against Defendant and all in privity with Defendant that the Patent is valid and enforceable;

(b) For decree and judgment against Defendant and all in privity with Defendant, that the Patent is, and has been, infringed by Defendant and that Defendant is liable as a patent infringer;

(c) For decree and judgment against Defendant and all in privity with Defendant, that the Patent is, and has been, infringed by active inducement of infringement by Defendant and that Defendant is liable as an active inducer of infringement;

(d) For an accounting for, and an assignment of, an award of profits derived by Defendant and damages suffered by Plaintiff in consequence of the patent infringement and the active inducement of patent infringement;

(e) For a decree and judgment against Defendant trebling the profits derived by Defendant and damages suffered by Plaintiff pursuant to statute (e.g., 35 U.S.C. § 284);

(f) For the costs of this suit, reasonable attorney's fees as provided by statute (e.g., 35 U.S.C. § 285), and an assessment of interest and cost against the Defendant;

(g) For prejudgment interest at the maximum rate allowed by law;

(h) For post judgment interest at the maximum rate allowed by law, from the date of the judgment until paid; and

(i) For such other and further relief which should appear just and equitable to this Court.

## DEMAND FOR JURY TRIAL

In accordance with Civil Local Rule No. 3-6, Plaintiff requests for a trial by jury.

Respectfully submitted,

*/s/ John W. Carpenter*

John W. Carpenter, Esq. (Bar No. 221708)

Technology Licensing Company Inc.
33 ½ Los Pinos
Nicasio, CA 94946
Telephone: (415) 577-0698
Facsimile: 1-866-410-6248
Email: john@jwcarpenterlaw.com

Attorney for Plaintiff
Technology Licensing Company Inc.